IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. CCB-10-336 |
| ROGER FORD | * | |

*******

**MEMORANDUM**

Roger Ford is a 41-year-old federal prisoner who is serving a 180-month sentence for drug trafficking. Ford has served nearly 108 months, about sixty percent of his sentence. Now pending are Ford's motions for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (the "compassionate release" statute), based on underlying health conditions that make him particularly susceptible to serious illness related to COVID-19. (ECFs 1071, 1083). The government opposes the motion (ECF 1091), and Ford has replied (ECF 1100). For the reasons explained below, the motion will be denied.

**BACKGROUND**

From January 2009 to June 2010, Ford was involved in a conspiracy with other individuals to distribute and possess with intent to distribute cocaine and cocaine base throughout Baltimore. In 2011, Ford pled guilty to one count of conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 846, 860. (ECF 603, Plea Agreement, at 1, 4). As part of his plea agreement, Ford admitted that it was reasonably foreseeable to him that the conspiracy involved the distribution of at least 280 grams of cocaine base and 15 kilograms of cocaine. (*Id.* at 4).

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended 18 U.S.C. § 3582(c), which empowers courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18

1

U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. Before the First Step Act was enacted, a court could review a prisoner's sentence pursuant to § 3582(c)(1)(A) only "upon motion of the Director of the Bureau of Prisons" ("BOP"). *Id.* But under the amended statute, a court may conduct such a review also "upon motion of the defendant," if the defendant has exhausted all administrative remedies to appeal the BOP's failure to bring a motion, or if thirty days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.* The court may authorize compassionate release if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons" warrant it. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

In April 2020, Ford filed an administrative request for compassionate release to the warden of FCI Elkton, where he is currently incarcerated. The request was denied on May 1, 2020. (*See* ECF 1091-2). The government does not contest that Ford's motion is properly before the court. The only issues are (1) whether "extraordinary and compelling reasons" warrant the reduction of Ford's sentence and (2) if there is such a reason, whether the § 3553(a) factors weigh in favor of a sentence reduction.

## DISCUSSION

Section 3582(c)(1)(A) allows the district court to reduce a sentence if it finds "extraordinary and compelling reasons" to do so and that the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 28 U.S.C. § 994(t), in turn, gives the Sentencing Commission the responsibility to define "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). The most recent Sentencing Commission policy statement defining "extraordinary and compelling reasons" for sentence reduction, Guideline § 1B1.13, predates the First Step Act and, as the Fourth Circuit recently held, is not a policy statement that applies to motions for compassionate release brought by defendants, because its plain

text "constrains the entire policy statement to motions filed solely by the BOP, . . . and not by defendants themselves." *United States v. McCoy*, ---F.3d----, 2020 WL 7050097, *7 (4th Cir. Dec. 2, 2020) (internal quotation marks and citation omitted). In the absence of an "applicable policy statement[] issued by the Sentencing Commission" concerning what may be an "extraordinary and compelling reason" for compassionate release when a defendant brings a motion under § 3582(c)(1)(A), "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at *9 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

Here, Ford argues that he has underlying health conditions (hypertension, i.e., high blood pressure, and sleep apnea) that make him particularly susceptible to serious illness related to COVID-19 and that such risk to his health presents an extraordinary and compelling reason for his release. He also tested positive for COVID-19 in July of this year, and while he appears to have recovered from the virus, Ford contends that there is a risk that he could become re-infected if he remains incarcerated. (ECF 1083 at 5). The government argues that Ford's conditions are not a reason for his release, because he is receiving treatment for both. (ECF 1091 at 8).

The Centers for Disease Control ("CDC") has issued guidance on underlying conditions that increase an individual's risk of severe illness related to COVID-19. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Dec. 1, 2020). The CDC distinguishes between those conditions where available data is strong enough and consistent enough to indicate that individuals with the condition "are at increased risk" (e.g., obesity), and those where current data is limited or mixed, and thus sufficient only to indicate that an individual with the condition "might be at an increased risk" (e.g., type 1 diabetes). *Id.* High blood pressure is in the latter group, and sleep apnea is in neither group.

3

The court is not persuaded that Ford's underlying medical conditions rise to the level of an "extraordinary and compelling reason" warranting a sentence reduction. While the court does not doubt that Ford's high blood pressure and sleep apnea impact his life, the CDC's data collection shows that the evidence as to whether hypertension poses an increased risk of severe illness due to COVID-19 is, at this time, "mixed," *see Coronavirus Disease 2019 (COVID-19): Scientific Evidence for Conditions that Increase Risk of Severe Illness*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html (updated Nov. 2, 2020), and the CDC has published no evidence as of yet showing a link between sleep apnea and COVID-19. Absent evidence of other underlying conditions that make Ford particularly vulnerable to COVID-19 should he become re-infected, the court does not believe Ford's conditions are grounds for compassionate release. *See, e.g.*, *United States v. Brown*, No. CR SAG-10-0344, 2020 WL 3833284, at *4 (D. Md. July 8, 2020) ("Just because Brown might have one underlying condition that elevates his risk for severe illness from COVID-19 does not mean that he is entitled to compassionate release. Instead, his underlying medical conditions must compellingly increase his risk for severe illness, or death, if he were to contract COVID-19.")[1] [2]

## CONCLUSION

For the foregoing reasons, Ford's motion for compassionate release will be denied. The associated motions to seal (ECFs 1090, 1101) are granted to protect the confidentiality of personal medical information.

| 12/14/20 | _/S/_ |
|---|---|
| Date | Catherine C. Blake |
| | United States District Judge |

---

[1] Unpublished opinions are cited for the persuasiveness of their reasoning rather than any precedential value.
[2] As no extraordinary and compelling reasons exist for a sentence reduction, the court need not address the 18 U.S.C. § 3553(a) factors, but the court notes that it would have some concern about Ford's prior criminal history, which includes violence and the possession of dangerous weapons, in regard to whether he would pose a danger to the community if released.